Patrick Cummins
CA Bar No.: 294400
Patrick@CumminsIP.com
Cummins IP PLLC
3426 PEPPERHILL RD
LEXINGTON, KY 40502
TEL: 502.445.9880
**Counsel for Plaintiff,**
**DS Advanced Enterprises, Ltd.**

# U.S. DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DS ADVANCED ENTERPRISES, LTD., A CORPORATION, *Plaintiff*, v. LEDVANCE LLC, A CORPORATION, and LOWE'S GLOBAL SOURCING (SHANGHAI) TRADING CO., LTD., A CORPORATION, *Defendants*. | Case No.: 5:23-cv-02058 **COMPLAINT FOR PATENT INFRINGEMENT** **DEMAND FOR JURY TRIAL** |

Plaintiff, DS ADVANCED ENTERPRISES, LTD ("PLAINTIFF"), by and through counsel CUMMINS IP PLLC, for its complaint against DEFENDANT LEDVANCE LLC ("LEDVANCE"), and LOWE'S GLOBAL SOURCING (SHANGHAI) TRADING CO., LTD. ("LOWES CHINA"), allege as follows:

**PARTIES**

1.      PLAINTIFF, DS Advanced Enterprises, LTD. ("DSAE"), is an Ontario corporation with a principal place of business at 34 Park Court, Niagara-on-the-Lake, ON L0S 1J0, Canada.

2.      PLAINTIFF is the owner of U.S. Patent 11,054,118 (see Exhibit 1) and sells lighting products in the United States and internationally.

3.      DEFENDANT LEDVANCE LLC is a Delaware Corporation with a principal place of business at 200 Ballardvale Street, Wilmington, MA 01887, and is operating a distribution center in San Bernadino County at 1651 S Archibald Ave, Ontario, CA 91761 (see, *e.g.*, Exhibits 4-7).

4.      DEFENDANT Lowe's Global Sourcing (Shanghai) Trading Co., Ltd., (d/b/a "LGS Shanghai Ltd.", "Lao Gou Shi (Shanghai) Trading Co.", or 劳购氏(上海)贸易有限公) is a Chinese company with a principal place of business at Room 706, No. 233, Taicang Road, Huangpu District, Shanghai, China 210020; and a date of establishment of July 9, 2012.  See Exhibits 32 and 33, which include a Chinese version, and translated version, of a Chinese government record of registration of Lowe's Global Sourcing (Shanghai) Trading Co., Ltd.

## JURISDICTION AND VENUE

5.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and §1338, as the dispute between the parties presents a substantial question of federal patent law.

6.     The Court also has jurisdiction pursuant to 28 U.S.C. §2201(a), as Plaintiff seeks a declaration of rights in relation to Defendants.

7.     This Court has personal jurisdiction over the Defendants.  Defendants are regularly conducting business in California State and this District both directly and indirectly, and, upon information and belief, deriving substantial revenue from business transacted within California State and this District by advertising, distributing, offering for sale, and/or selling of unauthorized goods in California State and this District, and thus are subject to personal jurisdiction in this District.

8.     DEFENDANT Lowe's Global Sourcing (Shanghai) Trading Co., Ltd. ("LOWE'S CHINA") has regularly utilized the ports of Los Angeles and Long Beach for the past several years (*e.g.*, see Exhibit 45, which is data that is publicly available via importyeti.com), thereby establishing a regular place of business with this jurisdiction.

9.     DEFENDANT LEDVANCE LLC owns and operates a "Manufacturing & Processing" "Business Property" identified as Parcel #021126206P000 at the address 1651 S Archibald Ave, Ontario, CA, in San Bernadino County (see, *e.g.*, Exhibits 4-7).

10.     Venue is proper in this district under 28 U.S.C. §1391(b)(3) and 28 U.S.C. §1400(b).

11.     Venue is also proper per 28 USC 1391(c)(3) and *In re HTC Corp.*, 889 F.3d 1349, 1354 (Fed. Cir. 2018) ("The district court in this case relied on *Brunette Machine Works, Ltd. v. Kockum Industries, Inc.*, 406 U.S. 706, 706, 92 S.Ct. 1936, 32 L.Ed.2d 428 (1972), and § 1391(c)(3) to hold that…a foreign corporation[] is subject to suit in any judicial district….We see no error in the district court's analysis.").



CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

1

## GENERAL BACKGROUND

2 12. This is an action for Patent Infringement of U.S. Patent 11,054,118

3 ("PLAINTIFF'S Patent") under 35 U.S.C. § 271 based on each DEFENDANT'S

4 unauthorized commercial using, offering for sale, and selling in and from the United

5 States, and importing into the United States, each DEFENDANT'S lighting products,

6 directly, indirectly, and/or by equivalence, and/or by the inducement of another.

7 13. PLAINTIFF designs and sells, in the United States and worldwide, their patented

8 lighting fixtures ("PLAINTIFF'S lighting products"), which are sold through

9 manufacturers and/or by contacting PLAINTIFF through their website:

10 www.dsaent.com.  A screenshot of PLAINTIFF'S website is provided as Exhibit 3.

11 14. PLAINTIFF'S decades of experience in the lighting industry, and his ingenuity,

12 led him to invent the subject matter of PLAINTIFF'S PATENT.

13 15. PLAINTIFF'S PATENT claims priority to provisional patent application no.:

14 62/673,595, filed May 18, 2018.

15 16. PLAINTIFF'S PATENT has an earliest priority date of May 18, 2018, as

16 indicated in Exhibit 34, which is a screenshot of Continuity Date for Patent Application

17 16/392,731 as provided by USPTO.gov.

18 17. PLAINTIFF'S PATENT was issued as a granted patent on July 6, 2021, naming

19 David Sherman, officer of PLAINTIFF, as the inventor.

20 18. PLAINTIFF'S officer, David Sherman, also earned international patents in

21 Canada (CA3040941) and China (CN202020617429.6).  These international patents

22 claim similar subject matter to the PLAINTIFF'S PATENT.

23 19. DEFENDANTS are individually infringing each and every claim PLAINTIFF'S

24 PATENT.  Claim mappings between DEFENDNATS' infringing products and

25 PLAINTIFF'S PATENT are provided in Tables 1-20 below.

26

27

28



CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

## PLAINTIFF'S INITIAL MEETING WITH
## LEDVANCE-PURCHASER: HOME DEPOT

20.     Upon information and belief, PLAINTIFF provided a first presentation to Home Depot on or around April 2, 2019, after PLAINTIFF'S PATENT application was filed. Content of this first presentation included descriptions of PLAINTIFF'S Patent. The first slide of the first presentation is provided as Exhibit 8.

21.     The first slide of the first presentation expressly indicated to Home Depot that PLAINTIFF'S PATENT was pending at the time of the presentation.

22.     Upon information and belief, PLAINTIFF provided a second presentation to Home Depot on or around August 27, 2019. Content of the second presentation included descriptions of the PLAINTIFF's Patent. The first slide of the second presentation is provided as Exhibit 9.

23.     The first slide of the second presentation indicated to Home Depot that PLAINTIFF'S Patent was pending at the time of the presentation.

24.     Upon information and belief, and as provided in Exhibit 9, participants to the presentations included product managers employed by Home Depot such as, but not limited to "Craig Brown," a former employee of Home Depot, and Cameron Skilling, a buyer for Home Depot.

25.     Home Depot is a buyer of LEDVANCE'S products, which are advertised under the brand name "Sylvania", as indicated in Exhibits 11 and 12.

## LEDVANCE'S PRODUCT LAUNCH AFTER
## PRESENTATIONS FROM PLAINTIFF

26.     On or around May 17, 2023, LEDVANCE announced their "May 2023 Product Launch" that included descriptions of LEDVANCE'S lighting products that infringe PLAINTIFF'S PATENT. A screenshot of the announcement from YouTube.com is found in Exhibit 14, which shows a snippet of a video available at the URL: https://www.youtube.com/watch?v=EN6CcXA_QgU&t=1664s



CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

27.     The May 2023 Product Launch was also announced via a published PDF shown in Exhibit 15, which was communicated to various lighting companies.  The published PDF includes additional descriptions of LEDVANCE'S lighting products that infringe PLAINTIFF'S Patent.

28.     PLAINTIFF'S counsel test purchased LEDVANCE'S product "LEDVANCE Sylvania LEDMD/6R1200/ST9/SC3TW 6-in 14W LED Microdisk Downlight, 120V, Selectable CCT," on August 3, 2023.

29.     PLAINTIFF'S counsel also test purchased LEDVANCE'S product "LEDVANCE Sylvania LEDMD/4R800/ST9/SC3TW 4-in 10W LED TruWave Microdisk Downlight, 120V, Selectable CCT" on August 3, 2023.

30.     LEDVANCE'S lighting product LEDMD/6R1200/ST9/SC3TW was purchased from HomeElectrical at the following website URL, and as shown in Exhibit 19: https://www.homelectrical.com/commercial-led-downlight/ledvance-sylvania-syl-62882.1.html

31.      LEDVANCE'S lighting product LEDMD/4R800/ST9/SC3TW was purchased from HomeElectrical at the following website URL, and as shown in Exhibit 20: https://www.homelectrical.com/commercial-led-downlight/ledvance-sylvania-syl-62881.1.html

32.     The products test purchased by PLAINTIFF'S counsel are shown in Tables 1-10 below.

33.     LEDVANCE'S lighting products are "Made in China" and "[i]mported by" LEDVANCE, as indicated on packaging of a test purchase of DEFENDANT'S lighting products shown in Exhibit 16.

34.     A front view of packaging of LEDVANCE'S lighting products is shown in Exhibit 17.

35.     A third party elemental analysis of a LEDVANCE'S infringing lighting product is provided in Exhibit 18, which shows a screenshot of a report from the elemental



CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

analysis.  The report indicates that LEDVANCE'S lighting product (including the white housing portions) includes metals such as, but not limited to, Sodium (Na), Magnesium, Aluminum, Titanium, and Iron.

36.     According to Bill of Ladings (MAEU229260456 / CHSL442021680SZN), LEDVANCE receives shipments of products of H.S. Code 8539.49 (*e.g.*, LED Lamps) from their subsidiary in China, LEDVANCE Lighting Co. Ltd., No. 1-1 Industrial Road North Chancheng District Foshan PRC., China. (See, *e.g.*, Exhibit 21 at pgs. 32-33).

37.     Additionally, and as shown in Exhibit 21, shipments of products of H.S. Code 8539.49 are received at LEDVANCE'S, "1651 South Archibald Avenue, United States", which matches the address of their distribution center in San Bernadino County at 1651 S Archibald Ave, Ontario, CA 91761 (see, *e.g.*, Exhibits 4-7).

38.     On August 14, 2023, PLAINTIFF sent two cease and desist letters to two different addresses for LEDVANCE via USPS Certified Mail.  A first page of the cease and desist letter is provided as Exhibit 52.

39.     The cease and desist letters included a copy of the title page of PLAINTIFF'S PATENT, images of LEDVANCE'S infringing products, and tables substantially similar to Tables 1-10 provided below.

40.     One of the two cease and desist letters were indicated as received by LEDVANCE on August 21, 2023 in Wilmington, MA, according to USPS tracking data.

41.     Upon information and belief, LEDVANCE did not provide PLAINTIFF a response to any of the cease and desist letters.

42.     Upon information and belief, LEDVANCE continued to willfully infringe PLAINTIFF'S PATENT after receiving the cease and desist letters, in violation of 35 U.S.C. §§ 271 and 284.



CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

**PLAINTIFF'S INITIAL**

**MEETING WITH LOWE'S**

43.     Upon information and belief, and as provided in Exhibit 10, PLAINTIFF provided a third presentation to the companies Lowe's and Rona (at the time, a subsidiary of Lowe's), on or around January 15, 2020, and after PLAINTIFF'S PATENT application was filed.  Content of the third presentation included descriptions of PLAINTIFF'S PATENT.  Slides from the third presentation are provided as Exhibit 10, at pgs. 20-21 of the Exhibits.

44.     Upon information and belief, and as provided in Exhibit 10, participants to the third presentation included buying staff employed by the companies Rona and Lowe's such as, but not limited to, "Elaine Pellerin" and "Philippe Ciot."

45.     Upon information and belief, Elaine Pellerin was also a chief procurement officer in lighting for RONA, which was acquired by Lowes Companies, Inc. on or before May 2016, prior to PLAINTIFF'S presentation to Lowe's.  See, *e.g.*, Exhibit 55 and Rona's website: https://www.ronainc.ca/en/news/lowes-completes-acquisition-of-rona.

46.     Upon information and belief, Philippe Ciot was a marketing specialist of Lowe's Canada, a now-dissolved subsidiary of LOWE'S CHINA'S parent company, Lowes' Companies, Inc.   (See Articles of Dissolution in Exhibit 54 and Exhibit 56).  Philippe Ciot's LinkedIn profile (Exhibit 56) indicates they are still employed by Lowe's Canada, despite Lowe's Canda being dissolved, therefore it is plausible that Philippe Ciot is employed by DEFENDANT, Lowe's Companies, Inc., or another subsidiary of Lowe's Companies, Inc. *Id*.

47.     The third slide of the third presentation expressly indicated to the companies Lowe's and Rona that PLAINTIFF'S PATENT was pending at the time of the presentation.  See Exhibit 10.



CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

48.     The purpose of the third presentation was to solicit Lowe's (*i.e.*, an importer/buyer subsidiary of Lowe's such as LOWE'S CHINA) to order PLAINTIFF's lighting products from an authorized producer of PLAINTIFF'S lighting products.

49.     The third presentation to the Lowe's included *multiple* slides indicating PLAINTIFF'S PATENT was pending at the time of the third presentation.  See, *e.g.*, Exhibit 10 at pg. 21, which is a slide from the third presentation and expressly provides a Notice of "Patent Pending" above an image of a version of PLAINTIFF'S lighting product.

50.     Upon information and belief, LOWES CHINA'S parent company and subsidiaries share, amongst themselves, some employees, managers, officers, and/or information.

51.     For example, according to a translation of the corporate registration document for LOWES CHINA in China, "David Ray Green" is the "Legal Representative" of LOWES CHINA (see Exhibits 32 and 33, which include a foreign corporate registration and a translation provided by a third party web application).   David Ray Green is, in summary, a common owner, manager, and/or legal officer to at least the following Lowe's entities:

      (1) Lowe's foreign subsidiary LOWE'S CHINA (see *Id*.),

      (2) LOWE'S CHINA'S parent company Lowe's Companies, Inc. (see Exhibit 49),

      (3) Lowe's Home Centers, LLC (see Exhibit 59), a Lowe's subsidiary; and

      (4) L G Sourcing, Inc. (Exhibit 48).

52.     Upon information and belief, "Beth R MacDonald" is also common owner, manager, and/or legal officer to all of the following Lowe's entities:

      (1) Lowe's Home Centers, LLC (see Exhibit 59), a Lowe's subsidiary;

      (2) L G Sourcing, Inc. (see Exhibit 48);

      (3) Lowe's Home Centers (Canada) Inc., which was dissolved February 25, 2019

            (see Articles of Dissolution provided in Exhibit 54, and as available from

            the Government of Canada via https://ised-isde.canada.ca/site/ised/en)



53.     Upon information and belief, LOWES CHINA was aware of PLAINTIFF'S PATENT, during its pendency, as of the date of the third presentation to Lowe's or shortly thereafter.

## LOWE'S IMPORTING OF INFRINGING PRODUCTS
## AFTER MEETING WITH PLAINTIFF

54.     On April 14, 2021, PLAINTIFF received email communications ("the Manufacturer Communications") from PLAINTIFF'S approved manufacturer indicating that sales orders for PLAINTIFF'S lighting products ("3in1" "Downlights" of "4" and "5/6 inch") have been received by PLAINTIFF'S approved manufacturer for.

55.     The Manufacturer Communications included the sales orders, which, in the ordinary course of business, expressly identified the receiving party for the ordered products to be: *Lowe's*. Copies of just two of these sales orders are attached as Exhibit 25, at pgs. 42-43 ("the Sales Orders").

56.     The Sales Orders have been edited in Exhibit 25 to highlight where "Lowe's" is expressly identified.  Upon information and belief, the Chinese characters surrounding the word "Lowe's" translate to English as: "We are waiting for Lowe's to finalize the needed amount."

57.     The Sales Orders include a Notice that advises LOWES CHINA of the intellectual property associated with PLAINTIFF'S lighting products.

58.     As emphasized in Exhibit 25, and upon information and belief, the Chinese characters highlighted below each table in the Sales Orders, and adjacent to item "2," translate to English as: "The product must satisfy the technical and intellectual property rules of the country in which the product is being sold," and thereafter indicates that the buyer is liable for any "intellectual property violations."

59.     At least in view of these written intellectual property Notices being incorporated into the multiple Sales Orders, and the third presentation provided to the LOWES CHINA, PLAINTIFF asserts that LOWES CHINA'S pirating activities subsequent to



CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

receiving these Notices amounts to Willful Patent Infringement in violation of 35 U.S.C. § 284.

60.    Upon information and belief, the LOWES CHINA canceled their orders for PLAINTIFF'S "3in1" lighting products subsequent to PLAINTIFF'S approved manufacturer providing the Sales Orders.

61.    Lowe's provided their own version of translations of these two Sales Orders ("LOWE'S CHINA'S translations"), which can be found in Case 3:23-cv-01335-CAB-JLB, Doc. No. 14-3 at pg. 2-7.  Pages from Lowe's translated Sales Orders are provided as Exhibits 57 and 58.

62.    Lowe's, through their sworn declaration, provided the above-identified versions of the translations, and Lowe's own versions also confirm that "Lowe's" was the entity requesting the products identified in the Sales Orders. See *Id.*, and Case 3:23-cv-01335-CAB-JLB at Doc. No. 14-2, and Exhibits 57 and 58.

63.    A page from Lowe's translations indicates that one of the sales orders was for a bulk order of "4 inch frameless *3 in 1* downlight[s]" (emphasis added).  See Exhibit 57.

64.    Exhibit 57 and Exhibit 29 evidence correlations between LOWE'S CHINA's Sales Orders and LOWE'S CHINA'S Item #5041631 Model #MQTL1181-LED10K9027, and Item #5041633 Model #MQTL1181-LED10K9027.

65.    For example, Lowe's webpage from Exhibit 29 provides a first product benefit as "*One* recessed downlight, *three* ways to install," hence boasting the advantages of the "*3 in 1*" product from the Sales Order in Exhibit 57.

66.    Other correlations include the dimension "4 inch", "5 adjustable white colors" (*e.g.*, 2.7K, 3K, 3.5K, 4K, 5K from the Sales Orders), and the various parts included with Sales Orders and LOWE'S CHINA'S infringing products.

67.    Another page from Lowe's translations indicates that another one of the sales orders was for a bulk order of "5/6 inch frameless *3 in 1* downlight" (italics added) is provided as Exhibit 58.



68.     Exhibit 58, and Exhibits 28 and 30, evidence correlations between DEFENDANT'S Sales Orders and DEFENDANT'S Item #5041630 Model #MQTL1183-LED12K9027, Item #5041632 Model #MQTL1182-LED12K9027, and Item #5041634 Model #MQTL1182-LED12K9027.

69.     For example, Lowe's webpages from Exhibits 28 and 30 provide a first product benefit as "*One* recessed downlight, *three* ways to install," hence boasting the advantages of the "*3* in *1*" product from the Sales Order in Exhibit 58.

70.     Other correlations include the dimensions "5/6 inch", "5 adjustable white colors" (*e.g.*, 2.7K, 3K, 3.5K, 4K, 5K from the Sales Orders), and the various parts included with Sales Orders and DEFENDANT'S infringing products.

71.     Upon information and belief, the Sales Orders were facilitated in part by Lowe's Global Sourcing Shanghai Ltd. ("LOWE'S CHINA"), a Chinese subsidiary of LOWE'S CHINA'S parent company Lowe's Companies, Inc.  See Exhibits 15 and 16, as further discussed herein.

72.     Upon information and belief, products purchased by DEFENDANT LOWE'S CHINA are ultimately sold by Lowe's Home Centers, LLC, which owns and/or manages retails stores of LOWE'S CHINA'S parent company Lowe's Companies, Inc.  See, *e.g.*, Case 3:23-cv-01335-CAB-JLB, Doc. No. 1 at pgs. 2-6 (S. D. Cal. 2023).

73.     Upon information and belief, Lowe's Home Centers, LLC sells PLAINTIFF'S patented lighting products in violation of 35 U.S.C. § 271.   See, *e.g.*, *Id*.

74.     Upon information and belief, on or before September 5, 2022, LOWES CHINA purchased, and then caused importation of, LOWES CHINA'S pirated lighting products (*e.g.*, see Exhibits 26-30) into the US in violation of 35 U.S.C. § 271.

75.     Exhibit 26 provides a screenshot of the Lowe's website, via which a "Utilitech" "Item #5041630 Model #MQTL1183-LED12K9027" can be purchased.  The Exhibit 26 screenshot was captured on or before May 8, 2023.


CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

76.     Exhibit 27 provides a screenshot of Lowe's website, via which a "Utilitech" "Item #5041631 Model #MQTL1181-LED12K9027" can be purchased.  The Exhibit 27 screenshot was captured on or before May 8, 2023.

77.     Exhibit 28 provides a screenshot of Lowe's website, via which a "Utilitech" "Item #5041632 Model #MQTL1182-LED12K9027" can be purchased.  The Exhibit 28 screenshot was captured on or before May 8, 2023.

78.     Exhibit 29 provides a screenshot of Lowe's website, via which a "Utilitech" "Item #5041633 Model #MQTL1181-LED12K9027" can be purchased.  The Exhibit 29 screenshot was captured on or before May 8, 2023.

79.     Exhibit 30 provides a screenshot of Lowe's website, via which a "Utilitech" "Item #5041634 Model #MQTL1181-LED12K9027" can be purchased.  The Exhibit 30 screenshot was captured on or before May 8, 2023.

80.     Exhibit 31 provides a screenshot of the Lowe's website, which indicates that a customer published, on "September 5, 2022," a question regarding the infringing product (Item #5041634).  Exhibit 31, therefore, provides evidence that the infringing products have been sold and/or imported by LOWES CHINA since September 5, 2022 (if not earlier).  The Exhibit 31 screenshot was captured on or before May 8, 2023.

81.     The LOWES CHINA, and/or a related Lowe's subsidiary, utilizes the trademark "Utilitech" with goods that include "electric lighting fixtures, names recessed cans and trims," as evidenced by the screenshot of the USPTO.gov website provided as Exhibit 36.

82.     Exhibit 35 provides a screenshot of a website for the company Intertek, which, in Intertek's ordinary course of business, provides compliance and certification testing for numerous products, including "Utilitech" products.  The Exhibit 35 screenshot was captured on or before May 8, 2023.

83.     The Exhibit 35 screenshot indicates that the company "Zheijiang Yankon Group Co., Ltd." provides products under the trade name "Utilitech" and these products include



those having the "Model Nos. MQTL1181-LED10K…MQTL1182-LED12K…[and] MQTL1183-LED12K."  These are the same model numbers provided in the screenshots of the Lowes.com website, provided in Exhibits 26-30.

84.    Exhibit 35 is provided to evidence collaboration between the LOWES CHINA and Zhejiang Yankon Group Co. Ltd. to manufacture and sell the LOWES CHINA'S infringing lighting products provided in Exhibits 26-30.

85.    Upon information and belief, the LOWES CHINA directed, or otherwise caused, Zhejiang Yankon Group Co. Ltd. to manufacture lighting products that infringe on PLAINTIFF'S PATENT.  Upon information and belief, this occurred subsequent to LOWES CHINA canceling their orders for PLAINTIFF'S lighting products, and subsequent to buying staff for LOWES CHINA engaging with PLAINTIFF during and after the third presentation to Lowe's.

86.    According to public reports provided by Zheijiang Yankon Group Co., Ltd., "LG SOURCING INC." is an accounts receivable of Zhejiang Yankon Group Co., Ltd..  See Exhibits 37 and 38, which are available at the following URL:

http://www.sse.com.cn/disclosure/listedinfo/announcement/c/2014-04-21/600261_2013_nzy.pdf

87.    According to publicly available data, LG Sourcing Inc. ships lighting products into the US from China, via the Ports of Los Angeles and Long Beach.  See Exhibits, 22, 23, and 24.

88.    Upon information and belief, the "LG" of "LG Sourcing Inc." stands for "Lowe's Global", and LOWE'S CHINA is an agent of, or otherwise includes many of the same officers, managers, goals, and/or sources of information as LG Sourcing Inc.

89.    The public report provided in Exhibits 37 and 38 is, according to a translation by the Google Translate browser extension, a "2021 Semi-Annual Report" provided by Zhejiang Yankon Group Co., Ltd., which has subsidiaries all over the world, including California (See Exhibit 39).



90.     Upon information and belief, Kai Zhao is a current or former "Deputy General Manager" of Zhejiang Yankon Group Co. Ltd.  (See Exhibit 40 and Case No.: 5:16-cv-02173-JFW-SP (C.D. Cal. 2016) ("Second Yankon Case")).

91.     Upon information and belief, Kai Zhao gave sworn testimony that Zheijiang Yankon Group Co. Ltd. "sells FOB China" and that Lowe's therefore takes possession of products at the "Ningbo" (*i.e.*, Ningpo) port.   See, *e.g.*, Exhibit 40, and the Second Yankon Case, Doc. No. 45 at pg. 2, lines, 5-6, 9-8, and 27-28.  See also, *e.g.*, Exhibit 41 and Case No.: 5:14-cv-00881-JGB-SP (C.D. Cal. 2014) ("First Yankon Case"), Doc. No. 33-1 at pg. 7, lines 21-23.

92.     According to further sworn testimony of Kai Zhao during the First Yankon Case, the "Lowe's Shanghai team, the Shanghai procurement department" were involved in producing the Utilitech lighting fixture that was the subject of the First Yankon Case. (See Exhibit 42 and the First Yankon Case, Doc. No. 33-1 at pg. 10, lines 21-25).

93.     An image of the Lowe's Shanghai team is provided in Exhibit 50, and a timeline of growth of imports facilitated by Lowe's is provided in Exhibit 51.  The slides provided in Exhibits 50 and 51 are from a slide presentation published on or around May 2012.

94.     The referenced portion of the sworn testimony of Kai Zhao is attached as Exhibit 42, and the "Utilitech" lighting fixture from the First Yankon Case is shown in Exhibit 43.

95.     Upon information and belief, the "Lowe's Shanghai team" from Kai Zhao's sworn testimony refers to the DEFENDANT Lowe's Global Sourcing (Shanghai) Trading Co., Ltd. ("LOWES CHINA") (See Exhibits 42 and 50).

96.     Upon information and belief, publicly available import data (see Exhibit 45) indicates that Lowe's imports "lamps and lighting fittings" from Zhejiang Yankon Group Co. Ltd. from the Ningbo departure port in China (shown in Exhibit 44) to the Long Beach port in the US.  This is also supported by the testimony of Kai Zhao in



CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

Exhibit 21, from the First Yankon Case.  (See Case No.: 5:14-cv-00881-JGB-SP, Doc. No. 33-1 at pg. 7, lines 15-23).

97.   Exhibit 44 is included for context, to show locations for LOWE'S CHINA (on "Taicang Road"), Zhejiang Yankon Group Co. Ltd. (on "Renmin West Road"), and the Ningbo (*i.e.*, Ningpo) Port.

98.   Upon information and belief, LOWES CHINA imported, through regular shipments, at least 237 separate shipments of goods manufactured by Zhejiang Yankon Group Co. Ltd. into the ports of Los Angeles and Long Beach during the years 2021 and 2022 (See Exhibit 45).  Upon information and belief, LOWES CHINA also utilized the ports of Los Angeles and Long Beach to regularly import products prior to 2021.

99.   Upon information and belief, Zhejiang Yankon Group Co. Ltd. received samples of PLAINTIFF'S patented lighting products from PLAINTIFF'S approved manufacturer before PLAINTIFF received the Sales Orders.

100.   Upon information and belief, LOWES CHINA solicited Zhejiang Yankon Group Co. Ltd. to manufacture LOWES CHINA's pirated lighting products, which are expressly identified in Exhibit 35 as being manufactured by Zhejiang Yankon Group Co. Ltd. in China and are "Utilitech" products.

101.   Upon information and belief, LOWES CHINA purchased infringing products from Zhejiang Yankon Group Co. Ltd., and/or via a third party broker from Zhejiang Yankon Group Co. Ltd., in China and caused them to be imported into the US for retail sale by Lowe's, in violation of 35 U.S.C. § 271.

102.   On May 9, 2023, PLAINTIFF sent LOWES CHINA'S parent company, Lowe's Companies, Inc., and Zhejiang Yankon Group Co. Ltd. cease and desist letters via USPS Certified Mail.

103.   The cease and desist letters included a copy of the title page of PLAINTIFF'S PATENT, screenshots of the Lowe's webpages where the infringing products are being sold, and tables substantially similar to tables 11-20 below.



CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

COMPLAINT AND REQUEST FOR RELIEF

Case No.: 5:23-cv-02058

104.   The cease and desist letters were received May 11-12, 2023, according to USPS tracking data.  A first page of the 26-page Lowe's cease and desist letter is provided as Exhibit 53.

105.   On June 11, 2023, a representative for Zhejiang Yankon Group Co. Ltd. ("Yankon") provided an email indicating that Yankon provided the alleged infringing products to Lowe's.  Representatives for Lowe's were copied, by Yankon, on the email message from Yankon to PLAINTIFF.

106.   Upon information and belief, LOWES CHINA willfully continued to infringe PLAINTIFF'S PATENT, in violation of 35 U.S.C. § 284, after their parent company, their client Yankon, and their relative subsidiaries, received the cease and desist letters.

## PATENT INFRINGEMENT
## BY LEDVANCE

107.   PLAINTIFF repeats and realleges paragraphs 1-106 of this Complaint, as if fully set forth herein.

108.   LEDVANCE is infringing each and every Claim (see Tables 1-10 below) of the PLAINTIFF's Patent, by LEDVANCE'S direct, indirect, and/or by equivalence, using, selling, and offering for sale in and from the United States, and/or importing into the United States, LEDVANCE'S lighting products, and/or by inducing such infringement.

109.   PLAINTIFF's Patent was duly and legally issued on July 6, 2021, and names David Sherman as the inventor.  Attached as Exhibit 1 is a true and correct copy of the PLAINTIFF's Patent.

110.   PLAINTIFF'S Patent claims priority to provisional patent application no.: 62/673,595 filed May 18, 2018.

111.   PLAINTIFF is the owner of the entire right, title, and interest in and to the validly issued PLAINTIFF's Patent, which was assigned to PLAINTIFF by an Assignment.  A copy of the Assignment is provided as Exhibit 2.



CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

112.    Tables 1-10 include images of LEDVANCE'S lighting products and instruction manuals that are sold with LEDVANCE'S lighting products.

113.    Table 1 below includes a mapping between elements of Claim 1 of PLAINTIFF'S Patent and LEDVANCE'S lighting product ITEM: 62882 / Model No.: LEDMD6R1200ST9SC3TW.

114.    Table 2 below includes a mapping between elements of Claim 1 and PLAINTIFF'S Patent and LEDVANCE'S lighting product ITEM: 62881 / Model No.: LEDMD4R800ST9SC3TW.

115.    Table 3 below includes a mapping between elements of Claim 2 of PLAINTIFF'S Patent and LEDVANCE'S lighting product ITEM: 62881 / Model No.: LEDMD4R800ST9SC3TW.

116.    Table 4 below includes a mapping between elements of Claim 2 and PLAINTIFF'S Patent and LEDVANCE'S lighting product ITEM: 62882 / Model No.: LEDMD6R1200ST9SC3TW.

117.    Table 5 below includes a mapping between elements of Claim 3 of PLAINTIFF'S Patent and LEDVANCE'S lighting product ITEM: 62881 / Model No.: LEDMD4R800ST9SC3TW.

118.    Table 6 below includes a mapping between elements of Claim 3 and PLAINTIFF'S Patent and LEDVANCE'S lighting product ITEM: 62882 / Model No.: LEDMD6R1200ST9SC3TW.

119.    Table 7 below includes a mapping between elements of Claim 4 of PLAINTIFF'S Patent and LEDVANCE'S lighting product ITEM: 62881 / Model No.: LEDMD4R800ST9SC3TW.

120.    Table 8 below includes a mapping between elements of Claim 4 and PLAINTIFF'S Patent and LEDVANCE'S lighting product ITEM: 62882 / Model No.: LEDMD6R1200ST9SC3TW.



121.   Table 9 below includes a mapping between elements of Claim 5 of PLAINTIFF'S Patent and LEDVANCE'S lighting product ITEM: 62881 / Model No.: LEDMD4R800ST9SC3TW.

122.   Table 10 below includes a mapping between elements of Claim 5 and PLAINTIFF'S Patent and LEDVANCE'S lighting product ITEM: 62882 / Model No.: LEDMD6R1200ST9SC3TW.

123.                              <u>TABLE 1:</u>

| <u>Claim 1 from PLAINTIFF's Patent</u> | Images of product and manual from Sylvania and LEDVANCE: ITEM: 62882 / Model No.: LEDMD6R1200ST9SC3TW |
|---|---|
| 1. An apparatus to detachably attach an LED light fixture to at least one of a ceiling, and a recessed lighting fixture housing, the apparatus comprises: | See Attached Images. |


CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

| | |
|---|---|
| a plurality of retrofit clips (102) adaptable to attach with a body of the LED light fixture by screwing them into a plurality of screw holes (110); |  |
| a plurality of new construction clips (104); |  |



| a plurality of connecting posts (106) to hold the new construction clips (104); |  |
| --- | --- |
| a metal housing (108) to embody a complete fixture (112); | 

See Exhibit 18 for elemental analysis that indicates metals including, but not limited to, Sodium (Na), Magnesium, Aluminum, Titanium, and Iron, are embodied in the housing (including the white portions). |

a junction box (116) to hold a plurality of connection wirings, wherein the junction box (116) comprises a plurality of output wires; and



a twist connector (118) to attach the output wires of the junction box (116) to the metal housing (108),







5. Install the E26 adapter into the CAN socket



6. Connect the two-orange connector and gently push the fixture into the recesses CAN.



| | |
|---|---|
| wherein the retrofit clips (102) make a friction fit inside the recessed lighting fixture housing to secure the complete fixture (112) inside, | 5. Install the E26 adapter into the CAN socket  6. Connect the two-orange connector and gently push the fixture into the recesses CAN.  (*text added to indicate input and output wires*) |
| wherein the new construction clips (104) are attached to the connecting posts (106) if the recessed lighting fixture housing is not present. | 9. Pull the spring clips on the slim microdisk up and gently guide through the ceiling hole until the clips snap.  |



124.                                    TABLE 2:

| Claim 1 from the PLAINTIFF's Patent | Images of product and manual from Sylvania and LEDVANCE: ITEM: 62881 / Model No.: LEDMD4R800ST9SC3TW |
|---|---|
| 1. An apparatus to detachably attach an LED light fixture to at least one of a ceiling, and a recessed lighting fixture housing, the apparatus comprises: | See Attached Images. |
| a plurality of retrofit clips (102) adaptable to attach with a body of the LED light fixture by screwing them into a plurality of screw holes (110); |  |

CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC


a plurality of new construction clips (104);



a plurality of connecting posts (106) to hold the new construction clips (104);



a metal housing (108) to embody a complete fixture (112);



See Exhibit 18 for elemental analysis that indicates metals including, but not limited to, Sodium (Na), Magnesium, Aluminum, Titanium, and Iron, are embodied in the housing (including the white portions).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

a junction box (116) to hold a plurality of connection wirings, wherein the junction box (116) comprises a plurality of output wires; and



a twist connector (118) to attach the output wires of the junction box (116) to the metal housing (108),







| | |
|---|---|
| | 5. Install the E26 adapter into the CAN socket <br><br>6. Connect the two-orange connector and gently push the fixture into the recesses CAN.  |
| wherein the retrofit clips (102) make a friction fit inside the recessed lighting fixture housing to secure the complete fixture (112) inside, | 5. Install the E26 adapter into the CAN socket <br><br>6. Connect the two-orange connector and gently push the fixture into the recesses CAN.  |

| | |
|---|---|
| | (*text added to indicate input and output wires*) |
| wherein the new construction clips (104) are attached to the connecting posts (106) if the recessed lighting fixture housing is not present. | 9. Pull the spring clips on the slim microdisk up and gently guide through the ceiling hole until the clips snap. |

CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC



125.                                      <u>TABLE 3:</u>

| Claim 2 from PLAINTIFF's Patent | Images of product and manual from Sylvania and LEDVANCE: ITEM: 62881 / Model No.: LEDMD4R800ST9SC3TW |
|---|---|
| 2.  The apparatus according to claim 1 comprises a socket adapter (114) to replace a light bulb in the recessed lighting fixture housing. |  |

CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

126.                                                TABLE 4:

| Claim 2 from PLAINTIFF's Patent | Images of product and manual from Sylvania and LEDVANCE: ITEM: 62882 / Model No.: LEDMD6R1200ST9SC3TW |
|---|---|
| 2.  The apparatus according to claim 1 comprises a socket adapter (114) to replace a light bulb in the recessed lighting fixture housing. |  |

CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

127.                              <u>TABLE 5:</u>

| Claim 3 from PLAINTIFF's Patent | Images of product and manual from Sylvania and LEDVANCE: ITEM: 62881 / Model No.: LEDMD4R800ST9SC3TW |
|---|---|
| 3.  The apparatus according to claim 1, wherein the new construction clips (104) squeeze ceiling material placed between the new construction clips (104) and an extremity of the metal housing (108). | 9.   Pull the spring clips on the slim microdisk up and gently guide through the ceiling hole until the clips snap.  |

CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

128.                                TABLE 6:

| Claim 3 from PLAINTIFF's Patent | Images of product and manual from Sylvania and LEDVANCE: ITEM: 62882 / Model No.: LEDMD6R1200ST9SC3TW |
|---|---|
| 3.  The apparatus according to claim 1, wherein the new construction clips (104) squeeze ceiling material placed between the new construction clips (104) and an extremity of the metal housing (108). | 9.  Pull the spring clips on the slim microdisk up and gently guide through the ceiling hole until the clips snap.  |

129.                                   TABLE 7:

| Claim 4 from PLAINTIFF's Patent | Images of product and manual from Sylvania and LEDVANCE: ITEM: 62881 / Model No.: LEDMD4R800ST9SC3TW |
|---|---|
| 4.  The apparatus according to claim 1, wherein the complete fixture (112) comprises a plurality electrical systems, clips, and accessories. | **HARDWARE INCLUDED**<br>Slim Microdisk x 1    Leaf Spring x 2    E26 Adaptor x 1    Wire Nuts x 2<br>Hardwire Pigtail x 1    ST3x5 Screw x 2    Cut-out Template for Canless Install |

130.                                   TABLE 8:

| Claim 4 from PLAINTIFF's Patent | Images of product and manual from Sylvania and LEDVANCE: ITEM: 62882 / Model No.: LEDMD6R1200ST9SC3TW |
|---|---|
| 4.  The apparatus according to claim 1, wherein the complete fixture (112) comprises a plurality electrical systems, clips, and accessories. | **HARDWARE INCLUDED**<br>Slim Microdisk x 1    V-shaped Spring x 2    E26 Adaptor x 1    Wire Nuts x 2<br>Hardwire Pigtail x 1    ST3x5 Screw x 2    Cut-out Template for Canless Install |


CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

131.                                    <u>TABLE 9:</u>

| <u>Claim 5 from PLAINTIFF's Patent</u> | Images of product and manual from Sylvania and LEDVANCE: ITEM: 62881 / Model No.: LEDMD4R800ST9SC3TW |
|---|---|
| 5.  The apparatus according to claim 1, wherein the junction box (116) allows an LED driver to be installed and comprises a predefined area to attach a plurality of wires. |  |



132.                                     TABLE 10:

| Claim 5 from PLAINTIFF's Patent | Images of product and manual from Sylvania and LEDVANCE: ITEM: 62882 / Model No.: LEDMD6R1200ST9SC3TW |
|---|---|
| 5.  The apparatus according to claim 1, wherein the junction box (116) allows an LED driver to be installed and comprises a predefined area to attach a plurality of wires. |  |

CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

133.    Upon information and belief, LEDVANCE have not stopped engaging in their willful and reckless infringing activities.

134.    Upon information and belief, LEDVANCE have infringed, directly, indirectly, and/or by equivalents, the PLAINTIFF's Patent by using, selling, and offering for sale LEDVANCE'S lighting products from the United States, and importing into the United States, LEDVANCE'S lighting products that embody each and every claim element of each respective claim of the PLAINTIFF's Patent.

135.    Upon information and belief, LEDVANCE has known of the existence of the PLAINTIFF's Patent, and their egregious acts of infringement have been willful and in reckless disregard for the PLAINTIFF's rights per the PLAINTIFF's PATENT, without any basis for believing that LEDVANCE had a right to engage in the infringing conduct.

136.    PLAINTIFF has sustained, and is likely to continue sustaining, actual damages due to LEDVANCE'S activities, including lost sales and reduced market share resulting from LEDVANCE'S infringing conduct.

137.    Unless enjoined by this Court, LEDVANCE will continue to infringe the PLAINTIFF's Patent and cause PLAINTIFF to suffer irreparable harm for which there is no adequate remedy at law.  PLAINTIFF is thus entitled to an injunction against LEDVANCE.

## PATENT INFRINGEMENT
## BY LOWES CHINA

138.    PLAINTIFF repeats and realleges paragraphs 1-137 of this Complaint, as if fully set forth herein.

139.    LOWES CHINA is infringing each and every Claim (see Tables 11-20 below) of the PLAINTIFF's Patent, by LOWES CHINA'S direct, indirect, and/or by equivalence, using, selling, and offering for sale in and from the United States, and/or importing into



the United States, LOWES CHINA'S lighting products, and/or by inducing such infringement.

140.   Tables 11-20 include images of LOWES CHINA'S lighting products and instruction manuals that are sold with LOWES CHINA'S lighting products.

141.   TABLE 11 below provides a Claim mapping of Claim 1 from PLAINTIFF'S PATENT, and illustrates examples of how LOWES CHINA'S products (*e.g.*, Item #5041631 and Item #5041633) infringe at least Claim 1 of PLAINTIFF'S PATENT.

142.   Images in the right column of Table 11 include photographs of: products purchased directly from the LOWES CHINA'S, and screenshots of an instruction manual available through the Lowe's website (*e.g.*, Scroll to "Overview" and select "Manual PDF" at https://www.lowes.com/pd/Utilitech/5013345333).

143.                                   TABLE 11:

| Claim 1 from DSAE Patent | Images of product and manual for Lowe's: Item #5041631 Model #MQTL1181-LED10K9027, and Item #5041633 Model #MQTL1181-LED10K9027 |
| --- | --- |
| 1. An apparatus to detachably attach an LED light fixture to at least one of a ceiling, and a recessed lighting fixture housing, the apparatus comprises: | See Attached Images. |



a plurality of retrofit clips (102) adaptable to attach with a body of the LED light fixture by screwing them into a plurality of screw holes (110);





a plurality of new construction clips (104);



CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

| | |
|---|---|
| a plurality of connecting posts (106) to hold the new construction clips (104); |  |
| a metal housing (108) to embody a complete fixture (112); |  |



Elemental analysis indicates portions of the housing (including the white portions) include metals such as, but not limited to: Sodium, Magnesium, Aluminum, Titanium, and Iron.  (See Exhibit 47).

a junction box (116) to hold a plurality of connection wirings, wherein the junction box (116) comprises a plurality of output wires; and



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



(green/yellow wire partially stripped of insulation to show wires)





*(Some text and arrows added for context)*

| | |
|---|---|
| | (*e.g.*, the green and yellow insulation surrounds a plurality of wires; the white insulation surrounds a plurality of other wires; the black insulation surrounds a plurality of additional wires) |
| a twist connector (118) to attach the output wires of the junction box (116) to the metal housing (108), | (*e.g.*, when a consumer/user initially |

| | |
|---|---|
| | opens the product box, each plurality of wires extending from their respective white, black, or green/yellow insulations is already twisted and inserted into their respective orange twist connector. A plurality of wires was removed from a twist connector for capturing the above-image to reveal the twisted and coated plurality of wires.) |
| wherein the retrofit clips (102) make a friction fit inside the recessed lighting fixture housing to secure the complete fixture (112) inside, |  |
| wherein the new construction clips (104) are attached to the connecting posts (106) if the recessed lighting fixture housing is not present. |  |

CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

| | |
|---|---|
| | From Lowe's website:<br><br>"***One*** recessed downlight, ***three*** ways to install! The versatile ***3 in 1*** recessed downlight comes with everything you need to either hardwire to existing celling j-box, direct wire to the fixture with attachable integrated j-box, or install in existing can with the E26 screw in base." See:<br><br>https://www.lowes.com/pd/Utilitech/5013345333 (emphasis added) |

144.   TABLE 12 below provides a Claim mapping of Claim 1 from PLAINTIFF'S PATENT, and illustrates examples of how LOWES CHINA'S products (*e.g.*, Item #5041630, Item #5041632, and Item #5041634) infringe at least Claim 1 of PLAINTIFF'S PATENT.

145.   Images in the right column of Table 12 include photographs of: products purchased directly from LOWES CHINA, and screenshots of an instruction manual available through the Lowe's website (*e.g.*, Scroll to "Overview" and select "Manual PDF" at https://www.lowes.com/pd/ Utilitech-UT-5-or-6-IN-CCT-3-1-UNIV-DL-6-Ct-White-5-in-or-6-in-800-Lumen-Cool-White-Round-Dimmable-Recessed-Downlight-6-Pack/5013469735).



146.                                    <u>TABLE 12:</u>

| <u>Claim 1 from PLAINTIFF'S PATENT</u> | Images from product and manual for Lowe's:<br><br>Item #5041630 Model #MQTL1183-LED12K9027<br>Item #5041632 Model #MQTL1182-LED12K9027<br>Item #5041634 Model #MQTL1182-LED12K9027 |
|---|---|
| 1. An apparatus to detachably attach an LED light fixture to at least one of a ceiling, and a recessed lighting fixture housing, the apparatus comprises: | See Attached Images. |
| a plurality of retrofit clips (102) adaptable to attach with a body of the LED light fixture by screwing them into a plurality of screw holes (110); |  |


CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

|  |  |
|---|---|
| a plurality of new construction clips (104); |  |
| a plurality of connecting posts (106) to hold the new construction clips (104); |  |




a metal housing (108) to embody a complete fixture (112);





Elemental analysis indicates portions of the housing (including the white portions) include metals such as, but not limited to: Sodium, Magnesium, Aluminum, Titanium, and Iron.  (See Exhibit 47).



CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

a junction box (116) to hold a plurality of connection wirings, wherein the junction box (116) comprises a plurality of output wires; and





(green/yellow wire partially stripped of insulation to show wires)

CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC





*(Some text and arrows added for context.)*

(*e.g.*, the green and yellow insulation surrounds a plurality of wires; the white insulation surrounds a plurality of other wires; the black insulation surrounds a plurality of additional wires)

a twist connector (118) to attach the output wires of the junction box (116) to the metal housing (108),





(*e.g.*, when a consumer/user initially opens the product box, each plurality of wires extending from their respective white, black, or green/yellow insulations and is already twisted and inserted into their respective orange twist connector.

| | |
|---|---|
| | A plurality of wires was removed from a twist connector for capturing the above-image to reveal the twisted and coated plurality of wires.) |
| wherein the retrofit clips (102) make a friction fit inside the recessed lighting fixture housing to secure the complete fixture (112) inside, |  |
| wherein the new construction clips (104) are attached to the connecting posts (106) if the recessed lighting fixture housing is not present. | <br><br>From Lowe's website:<br><br>"*One* recessed downlight, *three* ways to install! The versatile *3 in 1* recessed |



CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

| | |
|---|---|
| | downlight comes with everything you need to either hardwire to existing celling j-box, direct wire to the fixture with attachable integrated j-box, or install in existing can with the E26 screw in base." See: https://www.lowes.com/pd/Utilitech-UT-5-or-6-IN-CCT-3-1-UNIV-DL-6-Ct-White-5-in-or-6-in-800-Lumen-Cool-White-Round-Dimmable-Recessed-Downlight-6-Pack/5013469735 (emphasis added) |

147.   TABLE 13 below provides a Claim mapping of Claim 2 from PLAINTIFF'S PATENT, and illustrates examples of how LOWES CHINA'S products (*e.g.*, Item #5041630, Item #5041632, and Item #5041634) infringe at least Claim 2 of PLAINTIFF'S PATENT.

148.   Images in the right column of Table 13 include a screenshot of an instruction manual available through Lowe's website (*e.g.*, Scroll to "Overview" and select "Manual PDF" at https://www.lowes.com/pd/ Utilitech-UT-5-or-6-IN-CCT-3-1-UNIV-DL-6-Ct-White-5-in-or-6-in-800-Lumen-Cool-White-Round-Dimmable-Recessed-Downlight-6-Pack/5013469735).

149.                              <u>TABLE 13:</u>

| <u>Claim 2 from DSAE Patent</u> | Images from product and manual for Lowe's:<br><br>Item #5041630 Model #MQTL1183-LED12K9027<br>Item #5041632 Model #MQTL1182-LED12K9027<br>Item #5041634 Model #MQTL1182-LED12K9027 |
|---|---|
| 2. The apparatus according to claim 1 comprises a socket adapter (114) to replace a light bulb in the recessed lighting fixture housing. |  |

150.   TABLE 14 below provides a Claim mapping of Claim 2 from PLAINTIFF'S PATENT, and illustrates examples of how LOWES CHINA'S products (*e.g.*, Item #5041631 and Item #5041633) infringe at least Claim 2 of PLAINTIFF'S PATENT.

151.   Images in the right column of Table 14 include a screenshot of an instruction manual available through LOWES CHINA' website (*e.g.*, Scroll to "Overview" and select "Manual PDF" at https://www.lowes.com/pd/Utilitech/5013345333).

152. <u>TABLE 14:</u>

| <u>Claim 2 from DSAE Patent</u> | Images of product and manual for Lowe's: Item #5041631 Model #MQTL1181-LED10K9027, and Item #5041633 Model #MQTL1181-LED10K9027 |
|---|---|
| 2. The apparatus according to claim 1 comprises a socket adapter (114) to replace a light bulb in the recessed lighting fixture housing. |  |

153.   TABLE 15 below provides a Claim mapping of Claim 3 from PLAINTIFF'S PATENT, and illustrates examples of how LOWES CHINA'S products (*e.g.*, Item #5041630, Item #5041632, and Item #5041634) infringe at least Claim 3 of PLAINTIFF'S PATENT.

154.   Images in the right column of Table 15 include a screenshot of an instruction manual available through LOWES CHINA'S website (*e.g.*, Scroll to "Overview" and select "Manual PDF" at https://www.lowes.com/pd/ Utilitech-UT-5-or-6-IN-CCT-3-1-UNIV-DL-6-Ct-White-5-in-or-6-in-800-Lumen-Cool-White-Round-Dimmable-Recessed-Downlight-6-Pack/5013469735).

155. <u>TABLE 15:</u>

| <u>Claim 3 from DSAE Patent</u> | Images from product and manual for Lowe's:<br>Item #5041630 Model #MQTL1183-LED12K9027<br>Item #5041632 Model #MQTL1182-LED12K9027<br>Item #5041634 Model #MQTL1182-LED12K9027 |
|---|---|
| 3. The apparatus according to claim 1, wherein the new construction clips (104) squeeze ceiling material placed between the new construction clips (104) and an extremity of the metal housing (108). |  |

156. TABLE 16 below provides a Claim mapping of Claim 3 from PLAINTIFF'S PATENT, and illustrates examples of how LOWES CHINA'S products (*e.g.*, Item #5041631 and Item #5041633) infringe at least Claim 3 of PLAINTIFF'S PATENT.

157. Images in the right column of Table 16 include a screenshot of an instruction manual available through LOWES CHINA'S website (*e.g.*, Scroll to "Overview" and select "Manual PDF" at https://www.lowes.com/pd/Utilitech/5013345333).

CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

158.                                       <u>TABLE 16:</u>

| <u>Claim 3 from DSAE Patent</u> | Images of product and manual for Lowe's:<br><br>Item #5041631 Model #MQTL1181-LED10K9027, and<br><br>Item #5041633 Model #MQTL1181-LED10K9027 |
|---|---|
| 3.  The apparatus according to claim 1, wherein the new construction clips (104) squeeze ceiling material placed between the new construction clips (104) and an extremity of the metal housing (108). |  |

159.   TABLE 17 below provides a Claim mapping of Claim 4 from PLAINTIFF'S PATENT, and illustrates examples of how LOWES CHINA'S products (*e.g.*, Item #5041630, Item #5041632, and Item #5041634) infringe at least Claim 4 of PLAINTIFF'S PATENT.

160.   Images in the right column of Table 17 include an image of a product purchased directly from LOWES CHINA, and a screenshot of an instruction manual available through LOWES CHINA'S website (*e.g.*, Scroll to "Overview" and select "Manual PDF" at https://www.lowes.com/pd/ Utilitech-UT-5-or-6-IN-CCT-3-1-UNIV-DL-6-Ct-

White-5-in-or-6-in-800-Lumen-Cool-White-Round-Dimmable-Recessed-Downlight-6-Pack/5013469735).

161.                                    <u>TABLE 17:</u>

| Claim 4 from DSAE Patent | Images from product and manual for Lowe's:<br>Item #5041630 Model #MQTL1183-LED12K9027<br>Item #5041632 Model #MQTL1182-LED12K9027<br>Item #5041634 Model #MQTL1182-LED12K9027 |
|---|---|
| 4.  The apparatus according to claim 1, wherein the complete fixture (112) comprises a plurality electrical systems, clips, and accessories. |  |



162.   TABLE 18 below provides a Claim mapping of Claim 4 from PLAINTIFF'S PATENT, and illustrates examples of how LOWES CHINA'S products (*e.g.*, Item #5041631 and Item #5041633) infringe at least Claim 4 of PLAINTIFF'S PATENT.

163.   Images in the right column of Table 18 include an image of a product purchased directly from LOWES CHINA, and a screenshot of an instruction manual available through LOWES CHINA'S website (*e.g.*, Scroll to "Overview" and select "Manual PDF" at https://www.lowes.com/pd/Utilitech/5013345333).

164.                          TABLE 18:

| Claim 4 from DSAE Patent | Images of product and manual for Lowe's: Item #5041631 Model #MQTL1181-LED10K9027, and Item #5041633 Model #MQTL1181-LED10K9027 |
| --- | --- |

| 4. The apparatus according to claim 1, wherein the complete fixture (112) comprises a plurality electrical systems, clips, and accessories. |  |
| |  |

165.   TABLE 19 below provides a Claim mapping of Claim 5 from PLAINTIFF'S PATENT, and illustrates examples of how LOWES CHINA'S products (*e.g.*, Item #5041630, Item #5041632, and Item #5041634) infringe at least Claim 5 of PLAINTIFF'S PATENT.

166.   Images in the right column of Table 19 include an image of a product purchased directly from LOWES CHINA, and a screenshot of an instruction manual available through LOWES CHINA's website (*e.g.*, Scroll to "Overview" and select "Manual PDF" at https://www.lowes.com/pd/ Utilitech-UT-5-or-6-IN-CCT-3-1-UNIV-DL-6-Ct-

CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

White-5-in-or-6-in-800-Lumen-Cool-White-Round-Dimmable-Recessed-Downlight-6-Pack/5013469735).

167.                              <u>TABLE 19:</u>

| <u>Claim 5 from DSAE Patent</u> | Images from product and manual for Lowe's:<br>Item #5041630 Model #MQTL1183-LED12K9027<br>Item #5041632 Model #MQTL1182-LED12K9027<br>Item #5041634 Model #MQTL1182-LED12K9027 |
|---|---|
| 5.  The apparatus according to claim 1, wherein the junction box (116) allows an LED driver to be installed and comprises a predefined area to attach a plurality of wires. |  |

CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC



168.   TABLE 20 below provides a Claim mapping of Claim 5 from PLAINTIFF'S PATENT, and illustrates examples of how LOWES CHINA'S products (*e.g.*, Item #5041631 and Item #5041633) infringe at least Claim 5 of PLAINTIFF'S PATENT.

169.   Images in the right column of Table 20 include an image of a product purchased directly from LOWES CHINA, and a screenshot of an instruction manual available through LOWES CHINA's website (*e.g.*, Scroll to "Overview" and select "Manual PDF" at https://www.lowes.com/pd/Utilitech/5013345333).

170.                                    TABLE 20:

| Claim 5 from DSAE Patent | Images of product and manual for Lowe's: Item #5041631 Model #MQTL1181-LED10K9027, and Item #5041633 Model #MQTL1181-LED10K9027 |
| --- | --- |
|  |  |


CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

5.  The apparatus according to claim 1, wherein the junction box (116) allows an LED driver to be installed and comprises a predefined area to attach a plurality of wires.





171.   Tables 11-20 include respective Installation Manual images that have been appended with text for explanation.  For example, the phrases "Input wires from house" and "Output wires attach to input wires from house" have been appended by PLAINTIFF to the Installation Manual images for context and explanation.

## **DAMAGES ATTRIBUTABLE**
## **TO LEDVANCE**

172.   PLAINTIFF repeats and realleges paragraphs 1-171 of this Complaint, as if fully set forth herein.

173.   Upon information and belief, PLAINTIFF has been, and continues to be, damaged by the unlawful acts of the LEDVANCE, including, but not limited to, loss of sales, loss of profits, loss of market share, among other economic hardships.

174.   PLAINTIFF estimates damages to be at least gross profits on sales of any of the LEDVANCE'S lighting products that infringe PLAINTIFF'S Patent.

175.   PLAINTIFF estimates additional damages to be a royalty on ongoing sales of any of the LEDVANCE'S lighting products during the lifetime of PLAINTIFF'S Patent.

176.   Upon information and belief, LEDVANCE have infringed, directly, indirectly, and/or by equivalents, PLAINTIFF'S PATENT by using, selling, and offering for sale LEDVANCE's lighting products from the United States, and importing into the United States, LEDVANCE's lighting products that embody each and every claim element of each respective claim of PLAINTIFF'S PATENT.

177.   Upon information and belief, LEDVANCE have known of the existence of PLAINTIFF'S PATENT, and their egregious acts of infringement have been willful and in reckless disregard for the PLAINTIFF's rights per PLAINTIFF'S PATENT, without any basis for believing that LEDVANCE had a right to engage in the infringing conduct.

178.   PLAINTIFF has sustained, and is likely to continue sustaining, actual damages due to LEDVANCE's activities, including lost sales and reduced market share resulting from LEDVANCE's infringing conduct.

179.   Unless enjoined by this Court, LEDVANCE will continue to infringe PLAINTIFF'S PATENT and cause PLAINTIFF to suffer irreparable harm for which there is no adequate remedy at law.  PLAINTIFF is thus entitled to an injunction against LEDVANCE.



## DAMAGES ATTRIBUTABLE
## TO LOWES CHINA

180. PLAINTIFF repeats and realleges paragraphs 1-179 of this Complaint, as if fully set forth herein.

181. Upon information and belief, PLAINTIFF has been, and continues to be, damaged by the unlawful acts of the LOWES CHINA, including, but not limited to, loss of sales, loss of profits, loss of market share, among other economic hardships.

182. PLAINTIFF sent LOWES CHINA'S parent company, Lowe's Companies, Inc., cease and desist letters on or around May 8, 2023, via USPS certified mail. Lowe's acknowledged and responded to these letters on or around June 11, 2023, but continued to willfully import and sell their infringing products.

183. Upon information and belief, PLAINTIFF provides a fair assessment of damages owed by the LOWES CHINA to be based on considering PLAINTIFF as a trader-intermediary, between a manufacturer(s) (*e.g.*, PLAINTIFF'S manufacturer, or Zhejiang Yankon Group Co. Ltd., etc.) and a retailer(s) (*e.g.*, LOWES CHINA), and that total sales be based on the equivalent of sales of 2 units a week of Utilitech Item #5041634 and 1 unit a week of Utilitech Item #5041633, from each store of Lowe's "1,737" stores that LOWE'S CHINA imports to (see Exhibit 46).

184. In accordance with Paragraph 183, PLAINTIFF requests the damages owed by LOWES CHINA to be $5,289,060.78 USD.

185. Upon information and belief, LOWES CHINA have not stopped engaging in their willful and reckless infringing activities.

186. Upon information and belief, LOWES CHINA have infringed, directly, indirectly, and/or by equivalents, PLAINTIFF'S PATENT by using, selling, and offering for sale LOWES CHINA'S lighting products from the United States, and/or importing into the United States, LOWES CHINA'S lighting products that embody each and every claim element of each respective claim of PLAINTIFF'S PATENT.



CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

187.   Upon information and belief, LOWES CHINA have known of the existence of PLAINTIFF'S PATENT, and their egregious acts of infringement have been willful and in reckless disregard for the PLAINTIFF's rights per PLAINTIFF'S PATENT, without any basis for believing that LOWES CHINA had a right to engage in the infringing conduct.

188.   PLAINTIFF has sustained, and is likely to continue sustaining, actual damages due to LOWES CHINA'S activities, including lost sales and reduced market share resulting from LOWES CHINA'S infringing conduct.

189.   Unless enjoined by this Court, LOWES CHINA will continue to infringe PLAINTIFF'S PATENT and cause PLAINTIFF to suffer irreparable harm for which there is no adequate remedy at law.  PLAINTIFF is thus entitled to an injunction against LOWES CHINA.

## COUNT 1

### (LEDVANCE'S Infringement of the PLAINTIFF's Patent)

190.   PLAINTIFF repeats and realleges paragraphs 1-189 of this Complaint, as if fully set forth herein.

191.   PLAINTIFF is the owner of all right, title, and interest in and to the validly issued PLAINTIFF's Patent including all rights to enforce the PLAINTIFF's Patent.

192.   Upon information and belief, LEDVANCE have been and are infringing, directly, indirectly, and/or by equivalents, the PLAINTIFF's Patent by using, selling, offering for sale from the United States, and/or importing into the United States, including within California State and this District, LEDVANCE'S Products in violation of 35 U.S.C. § 271.

193.   Upon information and belief, LEDVANCE'S alleged infringement has been, and continues to be knowing, intentional, egregious, and willful.



194.   LEDVANCE'S alleged acts of infringement of the PLAINTIFF's Patent have caused and will continue to cause PLAINTIFF damages for which PLAINTIFF is entitled to compensation pursuant to 35 U.S.C. § 284.

195.   LEDVANCE'S alleged acts of infringement of the PLAINTIFF's Patent have caused and will continue to cause PLAINTIFF immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

196.   This case is exceptional and, therefore, PLAINTIFF is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT 2

## (DEFENDANTS LOWES CHINA'S Infringement of the PLAINTIFF's Patent)

197.   PLAINTIFF repeats and realleges paragraphs 1-196 of this Complaint, as if fully set forth herein.

198.   PLAINTIFF is the owner of all right, title, and interest in and to the validly issued PLAINTIFF's Patent including all rights to enforce the PLAINTIFF's Patent.

199.   Upon information and belief, LOWES CHINA have been and are infringing, directly, indirectly, and/or by equivalents, the PLAINTIFF's Patent by using, selling, offering for sale from the United States, and/or importing into the United States, including within California State and this District, LOWES CHINA'S Products in violation of 35 U.S.C. § 271.

200.   Upon information and belief, LOWES CHINA'S alleged infringement has been, and continues to be knowing, intentional, egregious, and willful.

201.   LOWES CHINA'S alleged acts of infringement of the PLAINTIFF's Patent have caused and will continue to cause PLAINTIFF damages for which PLAINTIFF is entitled to compensation pursuant to 35 U.S.C. § 284.

202.   LOWES CHINA'S alleged acts of infringement of the PLAINTIFF's Patent have caused and will continue to cause PLAINTIFF immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.


CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

203. This case is exceptional and, therefore, PLAINTIFF is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

**WHEREFORE**, Plaintiff requests judgment against Defendants as follows:

**(as regarding Count 1 …)**

1. Adjudging, finding, and declaring that LEDVANCE'S lighting products have and do infringe, directly or by equivalents, the PLAINTIFF's Patent, in violation of 35 U.S.C. § 271, and/or that each respective DEFENDANT is otherwise liable as an infringer of the PLAINTIFF's Patent pursuant to 35 U.S.C. §§ 271(a), 271(b), and/or 271(c);

2. Granting an injunction and permanently enjoining LEDVANCE and LEDVANCE'S employees, agents, officers, servants, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing the PLAINTIFF's Patent, including all making, using, importing, advertising, offering for sale and selling LEDVANCE'S infringing lighting products on any online shopping platforms, any online sales platform, as well as others distributing or selling LEDVANCE'S infringing lighting products to the public and/or retailers, permanently remove from their respective platforms any and all sales pages illustrating, featuring, mentioning, selling, offering for sale LEDVANCE'S lighting products, or any other relevant products, pursuant to 35 U.S.C. §283;

3. Ordering LEDVANCE to account for all sales (domestically and internationally), revenues, profits, and expenses, and ordering LEDVANCE to pay PLAINTIFF for LEDVANCE'S wrongful gains and in furtherance of deterrence, and/or otherwise pay actual and compensatory damages adequate to compensate PLAINTIFF for LEDVANCE'S infringement of the PLAINTIFF's Patent, with pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284; and



CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

4.      Ordering that damages be awarded and increased in an amount up to three times the actual amount assessed, as deterrence, pursuant to 35 U.S.C. § 284;

5.      Declaring this case exceptional and awarding PLAINTIFF its reasonable attorneys' fees, pursuant to 35 U.S.C. §285.

6.      Ordering LEDVANCE to provide PLAINTIFF with sufficient information to determine any past and/or present source of manufacturing, any suppliers, and any distributors of LEDVANCE'S lighting products;

7.      Ordering LEDVANCE to provide PLAINTIFF with sufficient information to determine details regarding communications, relevant decisions for action, and/or inaction with respect to infringing the PLAINTIFF's Patent, manufacturing LEDVANCE'S lighting products, importing LEDVANCE'S lighting products, and/or otherwise making LEDVANCE'S lighting products available for purchase.

8.      Ordering LEDVANCE to provide PLAINTIFF with sufficient information to determine details regarding relevant communications, purchases, cancelations, and/or agreements between LEDVANCE and any other associated lighting parts retailer, seller, manufacturer, importer, and/or trade broker.

9.      Ordering LEDVANCE to pay for expenses incurred by PLAINTIFF for and associated with monitoring LEDVANCE'S infringing activities, and interacting with LEDVANCE, their agents, and any other persons or entities to prevent LEDVANCE'S infringing activities.

10.     An order requiring LEDVANCE to pay enhanced damages, as a deterrence, due to LEDVANCE'S reckless, egregious, and willful acts.

11.     Awarding any such other and further relief as this Court deems just and proper.


**(as regarding Count 2 …)**

1.      Adjudging, finding, and declaring that LOWES CHINA'S lighting products have and do infringe, directly or by equivalents, the PLAINTIFF's Patent, in violation of 35



CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

U.S.C. § 271, and/or that each respective DEFENDANT is otherwise liable as an infringer of the PLAINTIFF's Patent pursuant to 35 U.S.C. §§ 271(a), 271(b), and/or 271(c);

2.      Granting an injunction and permanently enjoining LOWES CHINA and LOWES CHINA'S employees, agents, officers, servants, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing the PLAINTIFF's Patent, including all making, using, importing, advertising, offering for sale and selling LOWES CHINA'S infringing lighting products on any online shopping platforms, any online sales platform, as well as others distributing or selling LOWES CHINA'S infringing lighting products to the public and/or retailers, permanently remove from their respective platforms any and all sales pages illustrating, featuring, mentioning, selling, offering for sale LOWES CHINA'S lighting products, or any other relevant products, pursuant to 35 U.S.C. §283;

3.      Ordering LOWES CHINA to account for all sales (domestically and internationally), revenues, profits, and expenses, and ordering LOWES CHINA to pay PLAINTIFF for LOWES CHINA'S wrongful gains and in furtherance of deterrence, and/or otherwise pay actual and compensatory damages adequate to compensate PLAINTIFF for LOWES CHINA'S infringement of the PLAINTIFF's Patent, with pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284; and

4.      Ordering that damages be awarded and increased in an amount up to three times the actual amount assessed, as deterrence, pursuant to 35 U.S.C. § 284;

5.      Declaring this case exceptional and awarding PLAINTIFF its reasonable attorneys' fees, pursuant to 35 U.S.C. §285.

6.      Ordering LOWES CHINA to provide PLAINTIFF with sufficient information to determine any past and/or present source of manufacturing, any suppliers, and any distributors of LOWES CHINA'S lighting products;


CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

7.      Ordering LOWES CHINA to provide PLAINTIFF with sufficient information to determine details regarding communications, relevant decisions for action, and/or inaction with respect to infringing the PLAINTIFF's Patent, manufacturing LOWES CHINA'S lighting products, importing LOWES CHINA'S lighting products, and/or otherwise making LOWES CHINA'S lighting products available for purchase.

8.      Ordering LOWES CHINA to provide PLAINTIFF with sufficient information to determine details regarding relevant communications, purchases, cancelations, and/or agreements between LOWES CHINA and any other associated lighting parts retailer, seller, manufacturer, importer, and/or trade broker.

9.      Ordering LOWES CHINA to pay for expenses incurred by PLAINTIFF for and associated with monitoring LOWES CHINA'S infringing activities, and interacting with LOWES CHINA, their agents, and any other persons or entities to prevent LOWES CHINA'S infringing activities.

10.     An order requiring LOWES CHINA to pay enhanced damages, as a deterrence, due to LOWES CHINA'S reckless, egregious, and willful acts.

11.     Awarding any such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38, Fed. R. Civ. P., Plaintiff demands a trial by jury on all issues so triable.


Dated: October 9, 2023

**CUMMINS IP PLLC**

*/s/ Patrick Cummins*,

Patrick Cummins, CA Bar No. 294400

3426 Pepperhill Rd.

Lexington, KY 40502


CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

1  | Telephone: (502) 445-9880
2  | Patrick@CumminsIP.com
3  | ***Counsel for Plaintiff,***
4  | ***DS Advanced Enterprises, Ltd.***
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28